# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

## OF THE STATE OF NEW-JERSEY.

### JANUARY TERM, 1843.

---

### EZEKIEL C. HOWELL v. JOHN D. HESTER et al.

A sheriff's sale, regularly made by virtue of an execution out of this court, set aside, on the ground that a party having an incumbrance subsequent to the complainant, was by a mistake of her agent prevented from attending the sale, and that the premises sold for an inadequate price, to the prejudice of the party seeking to avoid the sale.

THE complainant in this cause filed his bill, for foreclosure and sale of mortgaged premises, against the mortgagor and others having subsequent incumbrances. At July term, eighteen hundred and forty-two, a decree pro confesso was taken against all the defendants, and an execution issued thereon to the sheriff of the county of Mercer, for the sale of the mortgaged premises, to satisfy the complainant his mortgage debt of five hundred and forty-seven dollars and twenty-eight cents, and his taxed costs, amounting to sixty-eight dollars and sixty cents. The premises were advertised for sale and sold by the sheriff, on the seventh of October, eighteen hundred and forty-two, for one hundred and twenty-five dollars. On the fourteenth of October, Mary Hester, administratrix of Jacob Hester, deceased, filed her petition to set aside the sale.

The petition states, that the said premises consist of a lot of land, situated on Greene street, in the city of Trenton, and were worth at least five hundred dollars; that in the present depressed value of real estate, the said premises would readily have commanded, and will now command, even at a forced sale, the sum of four hundred dollars, and there were persons ready and willing, as the petitioner hath been informed and believes, to bid that sum, and would have bid that amount or more, had they not been prevented from attending the sale, as herein after stated; that the petitioner is herself aged and infirm, unable to go out, and entirely unaccustomed to business; that she therefore requested her son, Isaac A. Hester, to take charge of the business for her, to attend the said sale, and to see that the property brought a fair value; that the said Isaac A. Hester assured her that he would do so, and the petitioner, confidently relying upon his attention to the sale, gave herself no further concern respecting it, and employed no one else to attend on her behalf; that after the said sale she was to her great surprise and astonishment informed, and she so believes and charges the truth to be, that neither the said Isaac A. Hester, nor any other person, attended the said sale on her behalf, but on the contrary thereof, the said Isaac A. Hester, laboring under some misapprehension in regard to the time of the sale, actually prevented persons desirous of purchasing the property, from attending the sale, by informing them that the sale would take place on the eighth day of October, the day after the sale was actually made. That in consequence of such mistake and misinformation, no bidders whatever attended the said sale, and no person bid for the premises except the sheriff, who bid one hundred dollars, and the said Jacob C. Howell, who bid one hundred and twenty-five dollars, upon which bid the premises were struck off and sold; that the said Jacob C. Howell is the brother of the said complainant, and as the petitioner believes, attended the said sale on his behalf, but whether he bid for the said property for himself, or as agent of the said complainant, the petitioner knows not, save from the declaration of the said Jacob C.

Howell, made since the sale, that he purchased the said premises for himself; that on the twenty-fourth day of February last, the petitioner, as administratrix as aforesaid, recovered judgment against the said John D. Hester, in the supreme court of New-Jersey, whereupon execution issued to the sheriff of the county of Mercer, by virtue whereof she acquired a lien upon the premises so as aforesaid sold to the said Jacob C. Howell; that there remains due upon the said judgment the sum of two thousand dollars of principal, besides interest and costs, and that by reason of said incumbrance the petitioner was made a party defendant in the said bill for foreclosure; that the said John D. Hester is insolvent and utterly unable to pay his debts; that on or about the thirteenth day of May, eighteen hundred and forty-one, the said John D. Hester made an assignment in the city of Philadelphia, and state of Pennsylvania, to one Amos Phillips, of all his estate, real and personal, in trust for the creditors of the said John D. Hester, creating certain preferences among them; that in the first class of creditors named in the said deed of assignment, are the said Jacob Hester, deceased, and the said Ezekiel C. Howell; that the petitioner, administratrix as aforesaid, has presented her claim against the said John D. Hester to the said Amos Philips, assignee as aforesaid, and the same has been allowed; that the said Ezekiel C. Howell has also presented his claim against the said John D. Hester for allowance, being the same debt to secure the payment of which, the aforesaid mortgage was given, and the said claim has been allowed, as the petitioner is informed, and believes, so far forth as the same is not satisfied by the proceeds of the sale of the said mortgaged premises; that the estate of the said John D. Hester, in the hands of the said assignee, is entirely inadequate and insufficient to satisfy the claims of the first class of creditors named in the said assignment; that the petitioner is by far the heaviest creditor named in the said first class, and is in truth and in fact entitled to nearly the whole of the funds in the hands of the said assignee, after paying the dividend of the said Ezekiel

[Howell v. Hester et al.]

C. Howell thereout; that by reason of the great sacrifice of the said mortgaged premises at the said sale, the said Ezekiel C. Howell is entitled to draw a much larger dividend and share of the estate of the said John D. Hester, in the hands of the said assignee, than he would have been, had the said premises sold for a fair price—to the great prejudice of the petitioner, administratrix as aforesaid, and of the estate of the said Jacob Hester, deceased; that the said sale is prejudicial as well to the interests of the said Ezekiel C. Howell as of the petitioner, administratrix as aforesaid, unless, as she suspects the truth to be, there is some secret arrangement between the said Ezekiel C. Howell and his brother who became the purchaser, by which the said complainant is to be indemnified and saved harmless against all loss upon his mortgage debt by reason of said sale; and that she hath by her agent applied to the said Jacob C. Howell to give up his bid aforesaid, and to permit a fair sale of the premises to be made, which he refuses to do, unless he is paid therefor at the rate of four hundred dollars for the said lot; that she is informed and believes, and charges the truth to be, that no deed hath been made in pursuance of said sale, but that the said George T. Olmstead, sheriff as aforesaid, hath appointed the eighteenth day of October, instant, for the payment of the purchase money and the delivery of the deed to the said Jacob C. Howell, and that the said sheriff will then deliver the said deed, unless restrained by the order of this court.

The prayer of the petition is, that the sale may be set aside, that the premises may be ordered to be resold, and in the mean time that the sheriff may be restrained from delivering a deed in pursuance of the sale, until the further order of the court.

On filing the petition, the following order was made.

On reading and filing the petition of Mary Hester, administratrix of Jacob Hester, deceased, one of the defendants in the above cause, and the affidavit thereto annexed, it is ordered that cause be shown on the thirty-first day of October, instant, at the state house, in the city of Trenton, at three o'clock in the

23*

[Howell v. Hester et al.]

afternoon, why the sale made by George T. Olmstead, esquire, sheriff of the county of Mercer, by virtue of the above stated execution, of the mortgaged premises therein described, should not be set aside, and made null and void; and that the said sheriff do desist and refrain from receiving the purchase money, or delivering any deed in pursuance of said sale, until the further order of this court. And it is further ordered that a copy of this order be served within five days from the date thereof, upon the said sheriff and purchaser, and also upon the solicitor of the complainant.

The matter came on to be heard upon the rule to show cause. Upon the hearing, the facts stated in the petition were admitted. It was also admitted that the premises in question were duly advertised according to law, in a newspaper printed and circulating in the city of Trenton, and in five or more public places in the city and vicinity, by hand-bills; that the sale was made on the day mentioned in the petition, at the house of William Snowden, inn-keeper in Warren street, in said city; that it was publicly cried in and along said street for more than an hour and a half immediately before it was struck off; that it was struck off at about four o'clock in the afternoon; that the petitioner resides at the upper end of Warren street, in said city, and that her son, Isaac A. Hester, lives with her in the same house.

H. W. Green, for petitioner, in support of the rule, cited Williamson v. Dale, 3 John. Chan. 290; Requa v. Rea, 2 Paige, 339; Seaman v. Riggins et al. 1 Green's Chan. 214.

S. G. Potts, contra.

THE CHANCELLOR. The case is within the principle of the authorities cited. The sale must be set aside, and a re-sale made, upon the payment, by the petitioner, of the expenses of the first sale, and the costs of this motion.