## KLOEPPING and wife *vs.* STELLMACHER.

Mere inadequacy of price is not sufficient to set aside a sheriff's deed, nor is it, *per se*, proof of fraud. But even if there has been no fraud, if the inadequacy is gross, and the party whose property has been sold, by reason of mistake or misapprehension did not attend the sale, and the sacrifice was caused by such mistake or misapprehension, the sale will be set aside.

---

This cause was submitted upon briefs, upon bill, answer, and proofs.

*Mr. Bretzfield,* for complainants.

*Mr. F. B. Ogden,* for defendant.

THE CHANCELLOR.

The complainants ask to have a deed made by the sheriff of Hudson to the defendant, for a house and lot of Mrs. Kloepping, set aside. The grounds alleged for the relief are, that the judgment on which the sale was had was fraudulently obtained, and for a much larger amount than was due; that the complainants, or either of them, were not served with process in the suit, and did not know of its existence, or of the execution issued upon it; and that the property sold was worth over $2000, and was sold for $52 only.

It satisfactorily appears that the property sold was worth over $1500, and was sold for $52. This is a gross, a very gross inadequacy of price, from which fraud in some cases might be inferred without further proof. Inadequacy of price itself is not sufficient ground to set aside a conveyance, nor is it, *per se*, proof of fraud. *Bank of New Brunswick* v. *Hassert, Saxt.* 1; *Crane* v. *Conklin, Saxt.* 346; *Smith* v. *Duncan,* 1 *C. E. Green* 240; *Marlatt* v. *Warwick,* 3 *C. E. Green* 108.

But when such gross inadequacy is combined with fraud or mistake, or any other ground of relief, in equity it will incline the court strongly to afford such relief. The sale in this case is a great oppression on the complainants. They are ignorant, stupid, perverse, and poor. They lose by it all their property, and are ill-fitted to acquire more. They are such as this court should incline to protect, notwithstanding perverseness.

The evidence does not sustain the allegation that they were not served with process in the suit in which the judgment under which the sale was had was rendered. That was a suit before Justice Aldridge. The record shows that the summons was duly served on both, and the constable who served it, testifies that he did so by handing each a copy of the summons. The testimony of the complainants does not, in my opinion, overcome this proof.

But this judgment was founded on a transcript of another judgment, obtained before Justice White, for about $44, on

which the complainants had paid that justice $36, as appears by their testimony and the receipt of Justice White. This was paid under an understanding that they should be permitted to pay it by instalments of six dollars each, and the complainants seemed to think it was impossible, after one judgment for this debt, and so large a part of it being paid, and an arrangement made with the justice himself about the payment of the residue, that another suit could be brought. The constable testifies that Kloepping took the copy from his wife, tore up both copies, and said that they did not want any summons.

The judgment was docketed, and an execution issued to the sheriff; the sale was properly advertised and was adjourned by the sheriff several times. The property was fairly put up and struck off. The defendant was present; he did not bid, but after the sale the purchaser transferred the bid to him. No positive fraud by him is shown; on the contrary the whole circumstances seem to clear him of all charge of fraud, other than the inference from inadequacy of price.

The conduct of the sheriff was free from all blame; he adjourned the sale to allow the complainants to get notice, attend, and protect themselves. He requested one of his deputies, and a respectable attorney who was present, to give the complainants notice of the intended sale; each of these persons testify that he gave them such notice. There is nothing on which to found any charge of fraud upon any one concerned in the sale.

But a court of equity will set aside a sheriff's sale, even if there has been no fraud, when there is a gross inadequacy of price, and the parties, by reason of mistake or misapprehension, did not attend the sale, and the sacrifice was caused by such mistake or misapprehension. *Seaman* v. *Riggins,* 1 *Green's Ch.* 214; *Howell* v. *Hester,* 3 *Green's Ch.* 266.

In this case the sacrifice is so great, and its consequences to persons in the condition of the complainants so important, that I cannot believe that they comprehended and be-

lieved the fact, that this property was to be sold by the sheriff for this debt, at the time when it was sold. They were both foreigners, spoke and understood the English language badly, and their own language was more or less imperfectly spoken by those who gave them information. I must believe that Mr. Wright and Mr. Lyon gave them the information as they testify. But I cannot believe that the complainants understood and believed it. They evidently thought it impossible that courts of justice would sell a house and lot worth $1500 for a debt which had been paid within $8, and the payment for the balance arranged with the court. Persons less ignorant and stupid might have arrived at that conclusion. And although the information was given and understood, yet if from the evidence and circumstances it appears that they did not believe it, they were under a mistake, perhaps caused by their own stupidity and perverseness, yet it should not be punished by a loss so great to them as this sale, if allowed to stand, would cause.

The deed must be declared void, and the defendant directed to re-convey the property, but as he has been guilty of no fraud or wrong, it must be upon payment of the price paid by him for the purchase, with interest from the payment, and of his costs in this suit.