PAULINA RAPHAEL et al., appellants,

*v.*

MAGDALENA ZEHNER, respondent.

[Filed October 15th, 1898.]

A court of equity will set aside a sheriff's sale on proper terms, even if
there has been no fraud, where there is gross inadequacy of price, and the
party, by reason of mistake or misapprehension, did not attend the sale or pro-
tect her interests at the sale, and the sacrifice was caused by such mistake or
misapprehension.

On appeal from a decree advised by Vice-Chancellor Emery,
who delivered the following opinion :

Upon the consideration of the pleadings and proofs in this
case, I reach the conclusion that the proceedings on the judg-
ment in ejectment must be enjoined, and the sheriff's deed to
the defendant Paulina Raphael be set aside, upon proper equi-
table terms. These terms will be that the complainant, within
forty days from the entry of decree, pay to the defendant the
amount paid by her at the sheriff's sale for the deed, with in-
terest, and also the entire amount due on the mortgage given by
complainant to Paulina Raphael, and which mortgage was sub-
ject to the judgment. I will also hear counsel for defend-
ants, if he desires, as to whether payment on the overdue interest
on the Gugenham mortgage assigned to defendants shall be in-
cluded as part of the terms, and as to whether the defendants'
costs in the ejectment suit should also be paid by complainant
as part of the terms.

Raphael v. Zehner.

The ground upon which I reach this conclusion, stated generally, is that I think the entire evidence in the case sufficiently establishes that there was a gross inadequacy of price at the sale, and that, by reason of mistake or misapprehension, the complainant did not attend the sale or protect her interests at the sale, and that the sacrifice of the property was the result of this mistake or misapprehension. The case is within reach of equitable relief upon the principles declared by Chancellor Zabriskie in *Kloepping* v. *Stellmacher, 6 C. E. Gr. 328, 330.* While I do not think that, in view of the evidence produced by defendant, the complainant has established that her husband did not know that a judgment had been entered against his wife, yet I think it is entirely clear, from the evidence, that the sale on the judgment and transfer of her property under it was an entire surprise to complainant. The dealings of the judgment creditor with her husband, and the delays and accommodation given to him, had been such as fairly to entitle complainant to notice from this judgment creditor that the sale would be made under execution, if he intended to take that step for the satisfaction of the judgment. Failure by the judgment creditor himself to give such notice under the circumstances of this case, and after his leniency, had, to some extent, if not altogether, lulled any apprehension that extreme measures would be taken, without notification, left the creditor subject to an application to set aside the sale, if, in fact, the debtor did not appear and was surprised thereby. It also appears, I think, that the judgment creditor's failure to give this notice to the debtor was due to the arrangement he had made with the defendant that sale under the judgment should be made on the terms that defendant would bid enough to pay the judgment.

The notice of the sale proved to have been given by defendant to the husband of complainant by the reading of defendant's attorney's letter was not such a notice as prevents complainant's relief against the sale, if she was in fact surprised. The evidence is that the husband never told his wife about the letter, so that, in fact, she received no notice and knew nothing of the sale, and as I look at the evidence, the notice itself as given was,

under the situation of the parties as then understood by Mr. Zehner, rather calculated to throw the latter off his guard about the sale than to warn him. Raphael notified Zehner as if the Breidt company were urging the sale, concealing altogether the fact that the sale was made on his (Raphael's) urging, and that Raphael had an arrangement with the Breidt company. As given to Zehner, the latter would have been justified in supposing that no one but the Breidt company and himself were interested about the judgment, and his answer, according to Raphael, "that this was his [Zehner's] business," shows that Zehner did not suppose or even suspect that Raphael was behind the proceedings for sale. The notice given under the above circumstances was not such as to deprive the complainant of relief against surprise and non-attendance at the sale, even if her husband had told her. But the evidence is that he did not tell her. His failure may have resulted from his intoxication at the time of the notice, as Raphael says, and even if he was sober and failed to' tell his wife about it, his failure, joined with actual surprise and inadequacy of price, is sufficient basis for relief.

*Mr. Adrian Riker*, for the appellants.

*Mr. Frederick C. Marsh*, for the respondent.

Per Curiam.
Decree affirmed, for the reasons given in the court of chancery.

*For affirmance* — The Chief-Justice, Depue, Dixon, Garrison, Gummere, Lippincott, Ludlow, Van Syckel, Adams, Bogert, Hendrickson, Nixon, Vredenburgh—13.

*For reversal*—None.