SAMUEL D. HOFFMAN et al., complainants-respondents, and JAMES J. QUIGLEY et al., defendants-respondents,

*v.*

CARLTON GODFREY, appellant.

[Submitted November 24th, 1911.   Decided March 4th, 1912.]

In the absence of fraud, irregularity, accident or mistake judicial sales will not be set aside for inadequacy of price, unless the inadequacy is so gross as to justify an inference of fraud.

———

On appeal from an order of the court of chancery made by the Chancellor.

*Messrs. Bourgeois & Coulomb,* for the respondents.

*Mr. Gilbert Collins* and *Mr. H. Starr Giddings,* for the appellant.

The opinion of the court was delivered by

BERGEN, J.

As the result of proceedings in partition the lands described in the bill of complaint filed in this case were decreed to be sold by the special master at private sale for not less than $120,000, or if this could not be done before a day named in the decree, then at public sale, subject to or free from mortgage encumbrances amounting to $20,000, as he should determine.

The master not being able to make a private sale, sold the lands at public auction to Carlton Godfrey for $78,000, subject to the mortgage encumbrances, and reported the sale to the chancellor, by whom it was confirmed December 9th, 1910. The property was owned by Mary R. Quigley and her children, as legatees of Francis P. Quigley, deceased, Samuel D. Hoffman and Lee Land Company as tenants in common, and after confirmation of the sale, Mary R. Quigley filed a petition in the cause praying that the sale and order of confirmation be set aside and the property resold, which was ordered, from which order the purchaser, Godfrey, appeals. The petition set out, among other things, that one Franklin B. Lippincott was ready to enter a bond to bid $115,000 for the property if resold, which offer he verified by affidavit attached to the petition.

In the absence of fraud, irregularity, accident or mistake, judicial sales will not be set aside for inadequacy of price, unless the inadequacy is so gross as to justify an inference of fraud. *Morrisse* v. *Inglis, 46 N. J. Eq. (1 Dick.) 306.*

As in this case the special master, whose fairness is not questioned, was not able to sell it for $120,000 at private sale, and the only offer by a *bona fide* bidder is $115,000, the difference between the selling price and the subsequent offer or obtainable price at private sale is not so inadequate as to warrant an inference of fraud or unconscionable conduct in conducting the sale, and as the right of one to have the benefit of a reasonable bargain when he buys at a judicial sale should not be denied without a just cause, if bidding at judicial sales is to be encouraged, and it would seem that if this sale is to be set aside it must be because it was so managed as to discourage bidders, either by the master

who conducted the sale, or by those interested in buying it at a lower price than could be obtained if the sale was fairly conducted, and this is substantially what the petitioner claims was done in this case.  She testifies that she did not attend the sale because in a conversation with Mr. Lee, president of the Lee Land Company, in October, 1910, she asked him what he thought the property would bring, to which he replied, "Not a cent less than $165,000," and therefore she was sure it would bring that price.  She also testifies to other conversations of a like nature with her co-tenants, but all were nothing more than expressions of opinions as to value, or price likely to be obtained at public sale, and the petitioner was not justified in relying on such statements as conclusive or misleading regarding the price which it would certainly sell for at the sale.

Again, petitioner claims that because Godfrey agreed after the sale that both Hoffman and Lee might become his partners in the purchase, that is evidence of a fraudulent sale.  We think the testimony shows that both Lee and Hoffman did all they could to advance the sale.  They induced Godfrey to attend and purchase, agreeing to aid him by loaning him their share in the proceeds as an inducement to bid.  We fail to find in the testimony any such proof of collusion or connivance as would warrant a finding that the sale of this land was in any way unfairly influenced by Lee or Hoffman.  Godfrey was an independent buyer, and after the sale had a right to negotiate with Lee and Hoffman, the owners of two-thirds of the land and entitled to that proportion of the proceeds, to join him in the purchase, and there is no proof that the conduct of Godfrey was in any way detrimental to the sale.

There being no sufficient proof of any act by either Godfrey, Lee or Hoffman tending to discourage bidders, and the price not being sufficiently inadequate to justify the setting aside of the sale, we think that the order appealed from should be reversed, with costs.

*For affirmance*—SWAYZE, TRENCHARD, BOGERT, VROOM—4.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, PARKER, BERGEN, VOORHEES, KALISCH, VREDENBURGH, CONGDON, WHITE—9.