THE KNICKERBOCKER TRUST COMPANY, trustee, &c.,

*v.*

CARTERET STEEL COMPANY et al.

[Submitted November 25th, 1912.    Decided December 17th, 1912.]

1. A judicial sale fairly conducted vests in the purchaser an equitable title, which the court must recognize and protect. He becomes practically a party to the suit, submitting himself to the jurisdiction of the court in all matters connected with the sale, and may be compelled to complete the purchase, and may himself compel the court's officer to convey the premises to him upon his compliance with the conditions of sale; and the sale may be set aside by a proceeding in the original cause without the filing of a new bill.

2. While a purchaser at a judicial sale may be deprived of his rights thereunder by proof of what would amount to a fraud, a sale made without irregularity or fraud will not be set aside for mere inadequacy of price, unless the discrepancy between the true value and the amount brought at the sale amounts to a fraud on the parties in interest, and will not be opened on the mere representation that more money may be obtained for the property.

3. Objectors to the confirmation of a fairly conducted judicial sale have the burden of showing inadequacy of price or some fraud on the part of the purchaser.

4. Evidence, on motion to set aside a master's sale of five hundred acres of rough mountain woodland, valuable, if at all, from the presence of ores, for $42,750, *held* not sufficient to show inadequacy of price.

5. Where the judge, in open court, asked the parties for suggestions as to the name of a master, and made his own selection without objection by any party, the right to object thereto was waived.

6. The objection that a master appointed to make a judicial sale was nominated by complainant's counsel cannot be urged against the purchaser.

On objections to master's sale and motion to set the same aside.

*Mr. Frederick W. Hope, Mr. William J. Leonard* and *Mr. Charles R. Snyder,* for the motion.

*Mr. John W. Harding, contra.*

*Mr. John B. Humphreys,* for the complainant.

HOWELL, V. C.

The bill in this cause sought the foreclosure of a mortgage made by the Carteret Steel Company to the complainant to secure an issue of bonds. The facts concerning the suit are set out in a report of the case which will be found in *9 Buch. 501.* The final decree, filed March 20th, 1912, directed an execution for the sale of the mortgaged premises to be issued to John S. Gibson, the insolvency receiver of the company, and the premises were advertised by him for sale on June 24th, 1912. They were on that day struck off to a bidder for the sum of $36,750. On the coming in of the report of the sale objections were made to its confirmation by the parties who are now objecting, or some of them, and counsel for the complainant conceding that the appointment of the receiver to make the sale was an irregularity did not object to having the sale set aside, and this was done. Application was then made to amend the decree by ordering the issue of the execution to William I. Lewis, one of the masters of this court; the amendment was made and a new execution was issued, and the premises were advertised for sale by him on October 10th, 1912. On that day he sold the premises to Robert K. Walton for the sum of $42,750, which he reports was the highest and best price that the said property would, at the time of the sale, bring in cash. Objections are now made to the confirmation of this sale, and the matter comes before the court on affidavits which are very voluminous and which apparently set out in detail all the facts in relation to the said sale.

The objectors, instead of filing mere objections, included in their papers a petition to set the sale aside upon grounds which they conceived were not within the exceptions. At the same time certain other parties, who are likewise objecting to the sale, filed an original bill to set aside the proceeding. I have carefully read and considered all these documents and have come to the conclusion that the sale should be confirmed, the petition dismissed and

the motion for an injunction under the original bill be denied, and my reasons therefor are as follows:

The questions to be decided are two—*first*, whether the property brought a fair price, and *second*, whether anything was done at the sale by the complainant or the purchaser or their counsel, or anyone in combination with them, to prevent a fair sale or to prevent the property from bringing a fair price. Let us first consider the position of a purchaser at a judicial sale. A judicial sale fairly conducted, with no fault or fraud on the part of the purchaser, vests in him an equitable title to the lands so purchased by him which this court must recognize, and which it is bound to protect. He becomes practically a party to the suit; he submits himself to the jurisdiction of the court as to all matters connected with the sale which relate to him in the character of purchaser. The sale may be set aside by a proceeding in the original cause without a new bill being filed. The purchaser may appeal from an order made in that proceeding, though he be not a party to the record in the cause. He may be compelled to complete the purchase by a summary order, and he may likewise compel the officer to convey the premises to him upon his complying with the conditions of sale. *Townshend* v. *Simon, 38 N. J. Law (9 Vr.) 239; Conover* v. *Walling, 15 N. J. Eq. (2 McCart.) 167; Shann* v. *Jones, 19 N. J. Eq. (4 C. E. Gr.) 251.* These cases are selections from a long line of authorities in this state, further citation from which appears to be unnecessary. They are sufficient to demonstrate that the purchaser by virtue of his purchase has, if the sale was fairly conducted, acquired an interest of which he cannot be justly deprived; his equitable right must be recognized and enforced.

He may, however, be deprived of this right by proof of what would amount to a fraud; he may not be deprived of it for the reason that he has purchased the property at less than its true value unless there is such a great discrepancy between the true value and the amount that the property brought at the sale as to amount to a fraud on the parties in interest. This branch of the law has been dealt with by the court of final resort in this state in two notable cases. *Morrisse* v. *Inglis, 46 N. J. Eq. (1 Dick.)*

*306*, declares that it has long been the settled doctrine and practice of the courts of this state that judicial sales made without irregularity or fraud, and not affected by accident or mistake, will not be set aside for mere inadequacy of price, and that official sales in this state will not be opened on the mere representation that more money may be obtained for the property. The reason given by the court for this position is that it is of the greatest importance to encourage bidding by giving to every bidder the benefit of bids made in good faith and without collusion or misconduct, and at least when the price offered is not unconscionably below the value of the property. As to whether a gross inadequacy of price will itself be considered proof of fraud or justify interference has brought out quite variant views from this court. *Kloepping* v. *Stellmacher, 21 N. J. Eq. (6 C. E. Gr.) 328; Smith* v. *Duncan, 16 N. J. Eq. (1 C. E. Gr.) 240; Marlatt* v. *Warwick, 18 N. J. Eq. (3 C. E. Gr.) 108.* The above-cited declaration was made in 1889, but as late as 1911 the same court announced the same doctrine in the case of *Hoffman* v. *Godfrey, 79 N. J. Eq. (9 Buch.) 617,* the opinion, quoting from *Morrisse* v. *Inglis, supra,* says, "In the absence of fraud, irregularity, accident or mistake, judicial sales will not be set aside for inadequacy of price unless the inadequacy is so gross as to justify an inference of fraud."

The land in dispute in this case consists of five hundred odd acres of rough mountain woodland in the upper part of Morris county, and an iron furnace and farm near Hackettstown, in Warren county. The mountain land has been for many years known as the Copperas Mine tract, and at one time appeared to have been considered of large value. Mining on the tract was long since abandoned, presumably on account of competition from much richer mines. The tract gets its value, if it has any, from the presence and value of its ores, and if they have ever been explored and located so that it is possible for an expert mining engineer to come at the value thereof, it does not appear in these affidavits. There are expressions of opinion which run into large values, but when the statements in regard thereto are carefully read it will appear that they are mere guesses made from either

superficial examinations or from hearsay reports, or by persons whose opinions are of little value. Therefore, I cannot say that the amount bid for the property was a grossly inadequate price, or that it was inadequate at all. Considering the sale to have been fairly conducted, the burden of proof on the question of inadequacy of price is entirely on the objectors. I think they have failed, and the sale cannot therefore be set aside unless there was some fraud or some action on the part of the purchaser which amounted to fraud to which the objectors can appeal. A careful reading of the affidavits discloses no such situation. Every allegation on this point is denied by affidavits produced on behalf of the purchaser, and inasmuch as the burden of proof is on the objectors, they must fail on this point also.

On the other hand, however, I am convinced from the whole case that the most scrupulous care was taken by the master to the end that the sale might be conducted not only fairly but in compliance with most technical rules. It may not be amiss to say that the master, who is a well-known member of this bar, has the full confidence of the court.

One other question was raised and argued with considerable vehemence; that related to the manner in which the master was selected, and it is claimed that instead of being selected by the court he was nominated by complainant's counsel. At the time application was made to amend the decree by inserting the name of a master in place of the receiver, the court asked the parties for suggestions as to the name of the master, which was done openly and in the presence of all the parties, and the selection made by the court alone, without objection on the part of anyone. If the objection were valid it should not now be held to avail, for the reason that it has been withheld until it is too late to be acted upon, and must be held to have been waived. Besides, it is an objection that could not be urged against the purchaser. *Simmons* v. *Vandegrift, Saxt. 55; Inskeep* v. *Lecony, Coxe 39; Johnson* v. *Garret, 16 N. J. Eq. (1 C. E. Gr.) 31.*

The result is that the sale must be confirmed, and I will advise an order to that effect.

In the same case I have before me the original bill above referred to, filed by Mary E. McClees and others. This seeks the

same relief that is sought by the objectors to the confirmation of the sale, and prays for an injunction to prevent its consummation. For the reasons above given, I must deny the motion, and in that case will advise an order to that effect.