By this bill complainant seeks to set aside a judicial sale of its lands had pursuant to a judgment at law in favor of the defendant. The original bill was based upon the allegations that the complainant's lands were not subject to sale on execution, and gross inadequacy of the selling price. On the defendant's motion to strike the bill, the late Vice-Chancellor Bentley held, shortly before his death, in an opinion reported in 105 N.J. Eq. 579,
that the bill could not be maintained and should be dismissed. Thereafter, by order of the chancellor, the complainant was permitted to amend his bill to allege an understanding between the attorneys of the complainant and defendant that the lands were not subject to sale under execution and that the complainant was thereby lulled into a sense of security; that subsequently another attorney was substituted as attorney of record for the judgment creditor; that the writ of execution was obtained by a third attorney who had not been substituted as attorney of record at the time the writ issued; that all of this was without notice to the complainant, and that the sale was held without its knowledge. Issue was joined on the amended bill and final hearing was had before me. The grounds for relief now urged are that the premises were not subject to sale under execution because exempt under the provisions of the Cemetery act (2 Comp. Stat. p. 375 § 8); gross inadequacy of purchase price, and constructive fraud. The first two grounds were disposed of by Vice-Chancellor Bentley, and if these were the only grounds urged for relief, I should feel bound by his decision and should dismiss the bill, as on final hearing it did not appear that the lands in question were actually used for cemetery purposes. Spear v. Locust Wood Cemetery Co., 72 N.J. Eq. 821.
See, also, Rosedale Cemetery Association v. Linden,73 N.J. Law 421; Fairview Heights Cemetery Co. v. Fay,90 N.J. Law 427, and it is well settled that mere inadequacy of price affords no ground of relief. Cummins v. Little, 16 N.J. Eq. 48; Hoffman v. Godfrey, 79 N.J. Eq. 617. But it is equally well settled that a judicial sale resulting from proceedings *Page 515 
entirely regular will be set aside, even if there has been no fraud, where there is gross inadequacy of price combined with mistake, surprise, misapprehension or accident, as a result of which the party complaining has been prevented from attending the sale and protecting his interest. Seaman v. Riggins, 2 N.J. Eq. 214; Howell v. Hester, 4 N.J. Eq. 266; Cummins v. Little,supra; Kloepping v. Stellmacher, 21 N.J. Eq. 328; Raphael v.Zehner (Court of Errors and Appeals), 56 N.J. Eq. 836.
The defendant's judgment was for $475, obtained in 1926. The lands in question are worth in excess of $24,000. The judgment creditor purchased these lands at the sale for $150. This was an unconscionable price. In Kloepping v. Stellmacher, supra, property worth $1,500 was sold for $52, a ratio of thirty to one, and there the chancellor said: "This is a gross, a very gross, inadequacy of price, from which fraud, in some cases, might be inferred without further proof;" and in Cummins v. Little,supra, property valued at $4,000 was sold for $80, a ratio of fifty to one, and this was held to be grossly inadequate. In the instant case the ratio is about one hundred and sixty to one. A bid of $150 for property worth $24,000 is so grossly inadequate and unconscionable that slight circumstances ought to "quicken the diligence of the court" and prompt it to afford relief if they have resulted in an injustice. The circumstances here urged as a basis for this relief are as follows:
Shortly after the entry of judgment, negotiations were had between the attorneys of the parties looking toward a settlement, in which there was involved some question as to the correct amount due the defendant, and also the liability of the premises here involved to a sale under execution in view of the provisions of the Cemetery act. Without going into detail as to these negotiations, I am convinced that they were such that good faith and fair dealing of necessity thereafter required notice to the complainant of any intended execution on the judgment and sale of the premises pursuant thereto. The actual sale was not had for over two years after the entry of judgment and a long time after these negotiations *Page 516 
were suspended awaiting the outcome of tax appeals and a specific performance suit. The issuance of execution was then obtained, not by the attorney of record with whom these negotiations were had, but by another attorney, a stranger to the proceedings, who had not then been substituted as attorney of record. While the sale was regular in that the requirements of the law were literally complied with, there was such secrecy observed with respect to it by the defendant and his then counsel that the complainant did not learn of the sale until some time afterward, when the president of the complainant company found the defendant on the property and was ordered off by him. It is hardly to be believed that, had complainant known of the sale, property worth $24,000 would have been permitted to be sold for the paltry sum of $150.
While it is the policy of this court to encourage bidding at judicial sales, and a judicial sale should not be set aside merely because someone is willing to pay more than was bid at such sale (Hoffman v. Godfrey, supra; Knickerbocker Trust Co.
v. Carteret Steel Co., 81 N.J. Eq. 130) it should be borne in mind that the purchaser at the sale here involved was the judgment creditor himself and not an innocent third party. What this creditor was entitled to was payment of the full amount due on his judgment, no more and no less, and he had the right to make that amount out of this very property by judicial sale. But after what had occurred between the parties, I think the complainant was fairly entitled to notice of the intended sale and that the defendant's conduct in procuring a sale without such notice smacks of sharp practice which this court ought not to countenance, especially where it results in such apparent injustice as has here resulted to the complainant. The sale will be set aside upon payment by the complainant of the amount justly due the defendant under his judgment plus lawful necessary expenditures by the defendant for taxes and other proper items since the sale. If necessary, a reference to a master may be had to fix the amount due the defendant. *Page 517