**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3838-16T2

FEDERAL HOME LOAN
MORTGAGE CORPORATION,
("Freddie Mac"), a corporation
organized and existing under the
laws of the United States of America,

      Plaintiff-Respondent,

v.

CHRISTOPHER COLE and MARIA
COLE,

      Defendants-Appellants,

and

WELLS FARGO BANK, N.A.,

      Defendant.

_____

Argued January 10, 2019 – Decided April 4, 2019

Before Judges Simonelli and Whipple.

On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-021053-14.

Christopher and Maria Cole, appellants, argued the cause pro se.

Brian P. Matthews argued the cause for respondent (Reed Smith LLP, attorneys; Henry R. Reichner, of counsel and on the brief; Brian P. Matthews, on the brief).

PER CURIAM

In this foreclosure matter, defendants Christopher Cole (Christopher) and Maria Cole (Maria)[1] appeal from the March 27, 2017 order denying their motion to vacate the Sheriff's sale. We affirm.

I.

On March 16, 2005, Christopher executed a note in the amount of $261,130. To secure payment of the note, Christopher and Maria executed a mortgage on their property located in Nutley. On appeal, defendants do not dispute the validity of the note and mortgage; that they defaulted on April 1, 2009; that plaintiff Federal Home Loan Mortgage Corporation had standing and the right to foreclose; and that plaintiff followed the proper procedures regarding the Sheriff's sale.

An attorney represented defendants throughout the foreclosure matter. On April 24, 2015, the court granted plaintiff's motion for summary judgment and

---

[1] We shall sometimes collectively refer to Christopher and Maria as defendants.

dismissed defendants' contesting answer. On June 17, 2016, the court entered final judgment of foreclosure.[2] On November 2, 2016, plaintiff sent a notice of sale to defendants and their attorney advising the property would be sold at a Sheriff's sale on December 13, 2016. The Sheriff's sale was re-scheduled to January 24, 2017, after defendants obtained two statutory adjournments pursuant to N.J.S.A. 2A:17-36.[3] On January 24, 2017, the property was sold at a Sheriff's sale to a third-party purchaser for $323,000.

Defendants timely filed a motion to vacate the Sheriff's sale. They argued the sale price was not fair market value and relied on an estimated market value of $523,146 listed as a "Zestimate" on Zillow.com.

---

[2] Because defendants only appealed from the March 15, 2017 order denying their motion to vacate the Sheriff's sale, we cannot consider any facts or arguments relating the April 24, 2015 order and June 17, 2016 judgment of foreclosure. Pressler and Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1(f)(1) (2019); see 1266 Apt. Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004); Fusco v. Newark Bd. of Educ., 349 N.J. Super. 455, 461-62 (App. Div. 2002).

[3] N.J.S.A. 2A:17-36 provides: "A sheriff or other officer selling real estate by virtue of an execution may make two adjournments of the sale, and no more, to any time, not exceeding [fourteen] calendar days for each adjournment. However, a court of competent jurisdiction may, for cause, order further adjournments."

Defendants also argued the court should vacate the Sheriff's sale based on fraud. Defendants submitted a joint certification, stating that, with the aid of a paralegal from their attorney's office, they spoke with a representative of plaintiff on January 23, 2017, and requested modification assistance and an adjournment of the Sheriff's sale.[4] Defendants admitted the representative said he lacked the authority to grant an adjournment, but claimed the representative said he would convey their request to the appropriate representative who would contact them. Defendants also admitted the representative said defendants were rejected for modification assistance, but claimed the representative said they would still be considered for reinstatement or other alternatives to foreclosure, such as a short sale or deed in lieu of foreclosure. Defendants argued these statements led them to reasonably believe that "plaintiff must be planning to adjourn the sale on [its] own[,]" and they relied on the representations that there were still other alternatives available to them. Defendants also argued that plaintiff fraudulently induced them not to file a Chapter 13 bankruptcy petition or cure the default.

In a January 24, 2017 letter to the paralegal, with a copy to defendants, plaintiff responded to defendants' requests as follows, in pertinent part:

---

[4] Defendants did not submit a certification from the paralegal.

We've reviewed the account in the past for payment assistance options. Based on the facts and circumstances of the situation, and the prior review(s) received, we will not review your loan for mortgage assistance options again due to:

- Account is [thirty-eight] days or less to the foreclosure sale date.

. . . .

We recognize you asked us to postpone the foreclosure sale date of January 24, 2017, and we're unable to fulfill that request as the account is no longer eligible for payment assistance options. We regret we're unable to provide the resolution you requested.

At oral argument of the motion to vacate, defendants' attorney conceded that plaintiff never stated the Sheriff's sale would be adjourned. In a March 27, 2017 order and written opinion, the motion judge denied the motion, finding the "Zestimate" was not competent evidence of the property's market value. Citing Murray v. D'Orsi, 98 N.J. Eq. 548 (Ch. 1925) and First Tr. Nat'l. Ass'n v. Merola, 319 N.J. Super. 44 (App. Div. 1999), the judge determined that even considering the estimated value reflected in the "Zestimate," the alleged inadequacy of the sale price was not so gross as to justify a presumption of fraud.

The judge also found that plaintiff never agreed to adjourn the Sheriff's sale or misled defendants into believing it would do so or consider them for reinstatement or other alternatives to foreclosure. The judge concluded that:

> [Defendants'] subjective understanding of the [p]laintiff's [representative's] statement in the conversation on January 23 [was] not evidence of a misleading statement. There was no assurance given as to the pending sale and the January 24 letter, which [defendants] acknowledge summarizes the essential points of the January 23 conversation, confirms this is so.

The judge found defendants failed to demonstrate that plaintiff intentionally misled them for the purpose of preventing them from filing a Chapter 13 bankruptcy petition. The judge explained that although defendants pointed to plaintiff's unwillingness to negotiate with them over the course of several years, defendants did not allege any facts that demonstrated plaintiff knew of defendants' intention to file a Chapter 13 bankruptcy petition.

The judge also found defendants were not without recourse. The judge explained that when defendants did not receive an explicit commitment from plaintiff to adjourn the Sheriff's sale, they could have sought the court's intervention on or before the sale by seeking an emergent stay. The judge concluded:

> For all of these reasons, the circumstances here are much closer to those presented in Merola and [Crane v. Bielski, 15 N.J. 342 (1954)], in that [defendants] understood the Sheriff's sale was scheduled for January 24, understood the nature of that proceeding, had not received an explicit agreement or representation that it would be adjourned, and could have taken action on

6

their own accord to seek a [c]ourt-imposed adjournment.

## II.

On appeal, defendants reiterate that the Sheriff's sale should be vacated because plaintiff intentionally misled them into believing it would adjourn the sale and afford them reinstatement or alternatives to foreclosure, and fraudulently induced them not to file a Chapter 13 bankruptcy petition.[5] We disagree.

"[T]he Chancery Division has the authority to set aside a sheriff's sale and order a resale of property. However, the exercise of this power is discretionary and must be based on considerations of equity and justice." Merola, 319 N.J. Super. at 49 (citation omitted). "[A] judicial sale may be set aside 'by reasons of fraud, accident, surprise, or mistake, irregularities in the conduct of the sale, and so on[;]'" however, "a judicial sale is not ordinarily vacated 'on the ground of mistake flowing from [a moving party's] own culpable negligence.'" Ibid.

---

[5] We decline to consider statements in defendants' merits brief that are not supported by the record, such as their alleged post-motion contact with "Freddie Mac," their dealings with plaintiff after the Sheriff's sale, and their 1099A and 1099C indicating the value of the property. See N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 278 (2007); Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 2:5-4(a) (2019).

(third alteration in original) (quoting Karel v. Davis, 122 N.J. Eq. 526, 528 (E. & A. 1937)).

The power to set aside a judicial sale should be "sparingly exercised." Id. at 52 (quoting Karel, 122 N.J. Eq. at 529). A sheriff's sale should only be vacated "when necessary to correct a plain injustice." Karel, 122 N.J. Eq. at 529; see also E. Jersey Sav. & Loan Ass'n v. Shatto, 226 N.J. Super. 473, 476 (Ch. Div. 1987) (holding that "[t]he power to set aside a foreclosure sale is to be exercised with great care and only when necessary for compelling reasons"). "The burden of proof rests with the objector." Shatto, 227 N.J. Super at 476. Applying these standards, we are satisfied the motion judge properly denied the motion to vacate the Sheriff's sale.

To establish a claim for common law fraud, defendants had to show that plaintiff made a material misrepresentation of a presently existing or past fact with knowledge or belief of its falsity and an intention that defendants rely on it, and that defendants reasonably relied thereon and suffered damages. See Allstate N.J. Ins. Co. v. Lajara, 222 N.J. 129, 147 (2015). "Misrepresentation and reliance are the hallmarks of any fraud claim, and a fraud cause of action fails without them." Banco Popular, 184 N.J. at 174. To succeed on a claim of fraudulent misrepresentation or fraudulent inducement, defendants must

8                                                                    A-3838-16T2

demonstrate that they relied on a representation by plaintiff, and their reliance was actual and justifiable. See Walid v. Yolanda for Irene Couture, Inc., 425 N.J. Super. 171, 180-81 (App. Div. 2012). Fraud is never presumed. Each of the elements of fraud must be proven by clear and convincing evidence. Stoecker v. Echevarria, 408 N.J. Super. 597, 617 (App. Div. 2009). .

There is no evidence in this case, let alone clear and convincing evidence, that plaintiff made a material misrepresentation to defendants. As defendants conceded at oral argument, plaintiff never represented that the Sheriff's sale would be adjourned. A party conceding a material fact before the trial court may not argue the contrary on appeal. See First Am. Title Ins. Co. v Vision Mortg. Corp., 298 N.J. Super. 138, 143 (App. Div. 1997). Defendants' subjective assumption that plaintiff "must be planning to adjourn the sale on [its] own" is insufficient to establish plaintiff made a material misrepresentation about adjourning the sale.

In addition, plaintiff never represented that defendants qualified for reinstatement or other alternative to foreclosure, and never promised, guaranteed, or approved any loan modification. To the contrary, plaintiff's representative made clear that defendants had been rejected for modification

assistance. Accordingly, defendants failed to demonstrate that plaintiff made a material misrepresentation warranting reversal of the Sheriff's sale.

Even if defendants satisfied this requirement, they failed to demonstrate reasonable and justifiable reliance on the alleged misrepresentation. See Walid, 425 N.J. Super. at 180-81. Defendants maintained they relied on plaintiff's misrepresentation that they would still be considered for reinstatement or other alternatives to foreclosure. However, New Jersey courts have repeatedly held that negotiations regarding potential loan modifications did not relieve the borrower from responding to a foreclosure action. See U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 468-69 (2012) (rejecting defendants' argument that they were misled into failing to respond to a foreclosure action while negotiating a loan modification); Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 99-100 (App. Div. 2012) (rejecting the contention that a delay in defending a foreclosure procedure was reasonable based on the existence of an application for a loan modification).

Furthermore, plaintiff had the right to enforce the terms of the note and mortgage and proceed with the foreclosure action and Sheriff's sale irrespective of defendants' eligibility for modification assistance or other alternatives to foreclosure. See U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 114 (App.

Div. 2016) (holding that "[e]ngaging in negotiations with defendant regarding modification to her mortgage did not preclude plaintiff from seeking foreclosure"); Kaminski v. London Pub, Inc., 123 N.J. Super. 112, 116 (App. Div. 1973) (finding a mortgagee has the right to insist upon strict observance of the terms of the note and mortgage). Accordingly, defendants cannot demonstrate that their reliance on plaintiff's alleged misrepresentation was reasonable and justifiable.

                                     III.

Defendants reiterate that the Sheriff's sale should be vacated because the sale price was below fair market value. Again, we disagree.

It is well-established that a Sheriff's sale normally should not be vacated on the basis of inadequacy of sale price alone. G.E. Capital Mortg. Servs., Inc. v. Marilao, 352 N.J. Super. 274, 285 (App. Div. 2002) ("[i]nadequacy of price alone normally does not warrant setting aside a Sheriff's sale"); Crane, 15 N.J. at 348 ("inadequacy is just one of the factors to be taken into consideration" and is not "an indispensable ingredient"); W. Ridgelawn Cemetery v. Jacobs, 108 N.J. Eq. 513, 514-15 (Ch. 1931) ("mere inadequacy of price affords no ground of relief."). A Sheriff's sale "is a form of distress sale that cannot reasonably be expected to produce full fair market value." Marilao, 352 N.J. Super. at 285;

see also <u>Carteret Sav. & Loan Ass'n, F.A. v. Davis</u>, 105 N.J. 344, 351 (1987) ("foreclosure sales rarely, if ever, bring the fair market value of the foreclosed property").  Thus, in order to vacate a Sheriff's sale due to inadequacy of the sale price,

> it is essential that the price be so grossly inadequate as to support the inference of fraud, or to shock the judgment and conscience, or be accompanied by an independent substantive ground for equitable relief . . . making confirmation inequitable and unjust to one or more of the parties.
>
> [<u>Karel</u>, 122 N.J. Eq. at 530-31.]

Here, the property was sold at the Sheriff's sale for $323,000, and the "Zestimate" estimated a market value of $532,146.  Thus, even assuming the "Zestimate" is competent evidence of the property's fair market value, which it is not, the sale price was not "so grossly inadequate as to support an inference of fraud."  <u>See</u> <u>ibid.</u>  Further, the sale price does not shock the judicial conscience, and there was no independent substantive ground for equitable relief. <u>See</u> <u>ibid.</u>  Thus, the alleged inadequacy of the sale price was insufficient to justify vacating the Sheriff's sale.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3838-16T2