**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3751-18T2

COMMUNITY BANK OF
BERGEN COUNTY, NJ,

     Plaintiff-Respondent,

v.

DORAN HOLDING COMPANY,

     Defendant-Appellant,

and

DOMINICK ANNUZZI, as Executrix
of the Estate of DOLORES ANNUZZI,
DOMINICK ANNUZZI, and ANGELO
ANNUZZI,

     Defendants.

_____

Submitted March 17, 2020 – Decided July 21, 2020

Before Judges Hoffman and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-033518-15.

Mc Manimon Scotland & Baumann LLC, attorneys for appellant (Sam Della Fera, of counsel and on the brief).

Getler Gomes & Sutton, PC, attorneys for respondent Community Bank of Bergen County, NJ (Janine A. Getler, of counsel and on the brief).

McCalla Raymer Leibert Pierce, LLC, attorneys for respondent T&M Delivery Corp. (Richard P. Haber, on the brief).

PER CURIAM

Defendant Doran Holding Company (Doran) appeals from the May 3, 2019 Chancery Division order confirming a Special Master's foreclosure sale of 28 Garfield Place, South Hackensack[1] (the Property). On February 19, 2019, the Special Master conducted a foreclosure sale of the Property to T&M Delivery Corporation (T&M) for $400,000. We affirm.

On July 14, 2011, Doran and co-defendants Angelo Annuzzi and Dominick Annuzzi, individually and as Executrix (sic) of the Estate of Delores Annuzzi, executed a $200,000 promissory note in favor of plaintiff, Community Bank of Bergen County, N.J. (Community Bank). Doran secured payment of the note by executing a $200,000 mortgage encumbering the Property.

---

[1] The Property is also known as Lot 10, Block 100 on the Township of South Hackensack Tax Map.

2 A-3751-18T2

On October 5, 2015, Community Bank filed a complaint to foreclose its mortgage on the Property, after defendants defaulted on August 12, 2015. At the time, defendants were indebted to Community Bank on multiple loans. In addition to a mortgage on the Property, Community Bank held mortgages on two other parcels owned by defendants: 22 Garfield Place, South Hackensack and 220 Bell Avenue, Lodi.

On December 1, 2015, defendants filed an answer alleging the mortgage was unenforceable, claiming it was procured by fraud and barred by the doctrines of unclean hands and frustration of purpose. On July 5, 2016, the parties filed a stipulation of settlement resolving their dispute. The stipulation granted defendants ninety days to repay the $1,127,000 they owed Community Bank. The agreement required defendants to pay $27,000 in June, $20,000 in July, $20,000 in August, and the remainder of $1,060,000 in September.

After defendants failed to satisfy their obligations under the settlement agreement, on July 7, 2017, the trial court entered a final judgment in favor of Community Bank in the amount of $174,758.69, plus counsel fees. Judge Edward A. Jerejian then appointed attorney Frederic M. Shulman as a Special Master to conduct a foreclosure sale of the Property, after the Bergen County

Sheriff did not conduct a sale of the Property within the 150 day-period prescribed in N.J.S.A. 2A:50-64 (3)(a).

After two adjournments, on October 2, 2017, Doran filed a Chapter 11 Bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey. As a result, the sale of the Property was stayed, pursuant to 11 U.S.C. 362. In support of the motion they filed in the Bankruptcy Court, defendants submitted an appraisal report prepared for Community Bank, which valued the Property at $715,000.

On December 18, 2019, the Bankruptcy Court vacated the automatic stay to permit the Special Master to sell the Property to satisfy the debts owed. The court ruled the sale proceeds would be applied to first pay off the mortgage secured by the Property, then applied to pay off the debt secured by 22 Garfield Place, and lastly applied to pay the debt secured by 220 Bell Avenue. If the sale of the Property did not raise sufficient funds to pay off the mortgages, the court permitted the sale of 22 Garfield Place.

Prior to the sale of the Property, Dominic Fittizzi, defendants' real estate broker, listed the Property for sale at $1,750,000. The 2019 real estate tax assessment for the Property was $891,900.

4

In January 2019, Fittizzi received an all cash offer for $1,550,000; however, a municipal land use ordinance prohibited the buyer's intended use. On February 7, 2019, the buyer withdrew the offer. On February 19, 2019, the Special Master conducted a foreclosure sale of the Property to T&M[2] for $400,000. On February 26, 2019, the Special Master filed a motion to confirm the foreclosure sale.

On March 1, 2019, Fittizzi received another offer to purchase the Property from an unrelated third party for $1,400,000. Doran accepted the offer on March 3, 2019. In a certification opposing confirmation of the Special Master's sale, Fittizzi opined that based on the two offers he received, the sale to T&M was "shockingly and unreasonably low, and grossly unfair to Doran." He additionally stated the Property "can and will be sold for $1.4 million to the current proposed buyer or for more than $1 million to any legitimate third party buyer, if a reasonable amount of time is permitted to close the transaction (or to continue the marketing, as applicable)."

On March 14, 2019, the Bankruptcy Court denied Doran's motion to 1) vacate the stay relief and reinstate the automatic stay and 2) reinstate the

---

[2] At all relevant times, T&M has occupied the Property under a ten-year lease, which now has six years remaining.

automatic stay with respect to Community Bank. On March 19, 2019, Chancery Division Judge Joan Bedrin Murray granted Community Bank's motion to confirm the Special Master's foreclosure sale. The judge distinguished this case from Ryan v. Wilson, 64 N.J. Eq. 797 (E & A. 1902), explaining no irregularities existed in the Property to prevent its sale. The judge ruled that Doran's alleged contract entered into after the Special Master's sale was merely a "letter of intent." The court found defendants received proper notice and the sale was properly executed.

Defendants now appeal from the March 19, 2019 order confirming the foreclosure sale of the Property for $400,000.

I

We have "the authority to set aside a [foreclosure sale] and order a resale of property. However, the exercise of this power is discretionary and must be based on considerations of equity and justice." First Tr. Nat'l. Ass'n v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999). It is well-established that a [foreclosure] sale normally should not be vacated on the basis of inadequacy of sale price alone. G.E. Capital Mortg. Servs., Inc. v. Marilao, 352 N.J. Super. 274, 285 (App. Div. 2002) ("[i]nadequacy of price alone normally does not warrant setting aside a [foreclosure] sale."); Crane v. Bielski, 15 N.J. at 342, 348

(1954) ("inadequacy is just one of the factors to be taken into consideration" and is not "an indispensable ingredient."); W. Ridgelawn Cemetery v. Jacobs, 108 N.J. Eq. 513, 514-15 (Ch. 1931) ("mere inadequacy of price affords no ground of relief."). A foreclosure sale "is a form of distress sale that cannot reasonably be expected to produce full fair market value." Marilao, 352 N.J. Super. at 285; see also Carteret Sav. & Loan Ass'n, F.A. v. Davis, 105 N.J. 344, 351 (1987) ("foreclosure sales rarely, if ever, bring the fair market value of the foreclosed property.").

In order to vacate a foreclosure sale due to inadequacy of the sale price,

> it is essential that the price be so grossly inadequate as to support the inference of fraud, or to shock the judgment and conscience, or be accompanied by an independent substantive ground for equitable relief . . . making confirmation inequitable and unjust to one or more of the parties.

> [Karel v. Davis, 122 N.J. Eq. 526, 530-31 (Ch. 1937).]

On appeal, Doran continues to argue that we should follow Ryan, where the court refused to confirm the sale of two mills because assets inside the mills were four times more valuable than the value of the mills. 64 N.J. Eq. at 994. Thus, the court found it reasonable to sell the assets in the mills first. Id. at 995-96. We discern no similar facts or circumstances in the case under review to

A-3751-18T2

justify vacating the foreclosure sale under the rationale in <u>Ryan</u>. In fact, besides the sale price, Doran asserts no other allegations against Community Bank.

The Special Master sold the Property for $400,000. The trial court found defendants received proper notice of the sale, the sale was proper under the circumstances, and there were no irregularities in the sale to vacate it. We agree with the trial court. While the tax assessment for the Property listed its value at $891,900, the sales price was not so grossly inadequate as to support an inference of fraud. Further, the sales price does not shock the judicial conscience, and there was no independent substantive ground for equitable relief. Doran argues we should prevent T&M from receiving a good bargain, but does not provide any meritorious argument why T&M's leasehold interest should have precluded its successful effort to purchase the Property. Thus, we conclude the alleged inadequacy of the sales price, standing alone, is insufficient to justify vacating the sale.

Doran also argues the judge should have permitted it to proceed with the sale of the Property to another purchaser, who submitted its offer after the foreclosure sale. The judge found the evidence produced by defendants did not establish a written contract for the sale of the Property, but rather the document

was merely a letter of intent.[3] The record clearly supports the judge's finding. The document essentially presented a preliminary non-binding conditional offer, which at most, constituted a first step in negotiations, far from a firm offer to purchase the Property. Additionally, Doran failed to produce evidence of a deposit tendered by the prospective purchaser, or proof of its financial ability to complete the transaction. Thus, Doran failed to provide the court with any valid basis to deny confirmation of the foreclosure sale. We discern no basis to conclude the judge abused her discretion when she confirmed the foreclosure sale to T&M.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] The prospective buyer referred to its offer as a "Letter of Intent" and "a non-binding proposal to purchase (the) subject property." The letter listed five contingencies, including zoning, financing, and engineering testing.

A-3751-18T2